# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANTZ RETIREMENT INVESTMENTS, LLC**, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>**BRIAN GLOVER**, *et al*.,<br><br>Defendants. | 1:19-CV-00379-LJO-SAB<br><br>**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**<br><br>(ECF Nos. 11, 21, 23, 24, 25) |

## I. INTRODUCTION

Before the Court are five motions to dismiss and for more definite statement by Defendants,[1] seeking to dismiss various fraud and related claims brought against them by Plaintiffs[2] in relation to a

---

[1] Plaintiffs' complaint, ECF No. 1, Ex. C, styles the Defendants as Brian Glover, an individual; Mesa Senior Living Community, LLC/Courtyard Towers, Mesa Arizona, an Oregon Limited Liability Company; Gregory Roderick, an individual; the Roderick Family LLC, a California Limited Liability Company; BIDE, LLC, a California Limited Liability Company; Mark Smith, an individual; Frontier Management, an Oregon Limited Liability Company; Newmark Grubb ASU & Associates, a California Corporation; and Does 1-50, inclusive. ECF No. 1, Ex. C at 2.

[2] Plaintiffs' complaint, ECF No. 1, Ex. C, styles the Plaintiffs as Lantz Retirement Investments, LLC, a California Limited Liability Company; Arthur and Annette L. Davis, as Trustees of the Davis Family Trust dated May 27, 1994; Anthony E. Hogg, as Trustee of the Anthony and Stacy L. Hogg Family Trust dated November 18, 2005; Fred Porter, as Trustee of the Profit Sharing Plan Trust 2; BRRI Investments, a California Limited Liability Company; Michael and Jennifer Duncan, as Trustees of the M and J Duncan Family Trust; Bart A. Wallace, as Trustee of the Entrust Group FBO Bart Alan Wallace IRA# 50-01668; Stanley R. Hughes, as Trustee of the Entrust Group FBO Stanley Richard Hughes IRA# 50-0106666; Anita B. Hashim and Annette Davis, as Trustees Hashim Family Trust dated March 28, 1990; Milo Eugene Watson and Patricia A. Watson, as Trustees of the Watson Living Trust dated April 11, 2001; Brent Cruz, as Trustee of the Brent Cruz and Misty Cruz Family Trust of 2010; Brent Cruz, as Trustee of the Entrust Group FBO Brent Cruz IRA# 72-30012530; Misty Cruz, as Trustee of the Entrust Group FBO Misty Cruz IRA # 72-30012531; James A. Bock, as Trustee of the James and Brenda Bock Family Trust dated September 14, 2017; David K. Bodke, as Trustee of the DKB 401K Trust; Bebebo, LLC, a California Limited Liability Company; George R. Smith Jr., as Trustee of the Entrust Group FBO George R. Smith Jr. IRA # 50-10667; Verdi S. Boyer, as Trustee of the John David Fritch Irrevocable Trust dated November 11, 2015 one-third (1/3) of Assignor's interest; Verdi S. Boyer, as Trustee of the Mark Joel Fritch Irrevocable Trust dated November 11, 2015 one-third (1/3) of

1

private investment. ECF Nos. 11, 21, 23, 24, 25. Defendants largely seek dismissal based on alleged pleading deficiencies, including the heightened standard for fraud claims under Federal Rule of Civil Procedure 9(b). *See, e.g.*, ECF No. 21. Plaintiffs oppose the motions. ECF Nos. 14, 26, 27, 28, 29. The Court finds it appropriate to rule on Defendants' motions without oral argument. *See* Local Rule 230(g). For the following reasons, the Court GRANTS IN PART and DENIES IN PART the motions.

## II. **BACKGROUND**

On December 16, 2014, after having received an email invitation from Defendant Robert Smith, Plaintiffs gathered at a restaurant in Bakersfield, California for a dinner meeting to consider a private investment opportunity. ECF No. 1, Ex. C at ¶¶ 37-38. During the dinner meeting, Defendants Gregory Roderick and Brian Glover shared "exciting news about current and upcoming assisted living and memory care projects," particularly one based in Mesa, Arizona. *Id.* at ¶¶ 28, 37. Plaintiffs contend that Defendants Roderick and Glover touted themselves and at least one other Defendant, Frontier Management, LLC, for their prowess in re-developing and managing assisted living and memory care facilities nationwide, primarily by reducing management costs and increasing rental values. *Id.* at ¶¶ 38, 40. As part of this offer, Defendants proposed potentially selling the assisted living facility after two to three years, with the expectation of earning a profit from the sale. *Id.* at ¶¶ 39-40.

Plaintiffs allege they were induced to invest by certain representations made to them during the meeting. *See, e.g.,* ECF No. 1, Ex. C at ¶¶ 95-107. For example, Plaintiffs contend they were told that in past projects Defendant Roderick had bought out investors who became dissatisfied and wanted to leave. *Id.* at ¶ 38. As another example, Plaintiffs assert that Defendants represented to Plaintiffs that Plaintiffs would receive 10-12% monthly revenue distributions. *Id.* at ¶ 40. And while Plaintiffs did receive some distributions, eventually Defendants stopped disbursing monies. *Id.* at ¶ 101.

---

Assignor's interest; Verdi S. Boyer, as Trustee of the Jillian Laura Fritch-Stump Irrevocable Trust dated November 11, 2015 one-third (1/3) of Assignor's interest; and Richard A. Owens, Sr., as Trustee of the Richard A. Owens, Sr. and Minda Owens Revocable Trust. *Id.* at 1-2.

2

1     Over the next five months, from January 2015 through May 2015, Plaintiffs and others who chose to invest received numerous communications containing information about the acquisition of the Mesa assisted-living facility. ECF No. 1, Ex. C at ¶¶ 40-56. They also received the first operating agreement that would govern and a later amended version. *Id*. Mesa Senior Living Community, LLC, the investment vehicle, was formed. *Id*.

    The Mesa investment proceeded for a short period of time before problems began to appear, according to Plaintiffs. ECF No. 1, Ex. C at ¶¶ 60, 62-65, 67, 69-70. Facility management costs were not reduced by the margins anticipated, and the 175-bed facility, which was increased to 185 beds, failed to meet the 90% stable occupancy rate necessary for monthly distributions under expected financial conditions. *Id*. at ¶¶ 57, 60, 65, 67-68, 70. Eventually, Defendants requested permission to sell Mesa. *Id*. at ¶ 77, 79. Plaintiffs declined to sign the sale agreement. *Id*. at ¶ 79. On January 16, 2019, this suit was filed in a California state court. ECF No. 1, Ex. C. The action was removed by Defendants on March 21, 2019. ECF No. 1. Defendants[3] filed their various motions to dismiss, and Plaintiffs filed their oppositions. ECF Nos. 11, 14, 21, 23-29. Defendants replied to the oppositions. ECF Nos. 31-35. The Court has reviewed carefully all the papers filed in this case.

## III. LEGAL STANDARD

    Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch*

---

[3] Defendant Brian Glover died in a car accident on January 24, 2019. ECF No. 1 at ¶ 8. The Estate of Brian Glover, through counsel, submitted the motion to dismiss. ECF No. 25.

3

*LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting [the] fraud [.]" Fed. R. Civ. P. 9(b). This heightened pleading standard requires the party to do more than simply identify a transaction and allege in a conclusory manner that the transaction was fraudulent. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds*.[4] Rather, the party must set forth in detail the "who, what, when, where, and how" of the alleged fraudulent conduct. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). This is "more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."[5] *GlenFed*, 42 F.3d at 1548.

The purpose of Rule 9(b) is to protect defendants from factually baseless claims of fraud inasmuch as it is meant to give defendants notice of the claims asserted against them. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). When a party averring fraud fails to meet the heightened pleading standard of Rule 9(b), dismissal of the claim is proper. *See Vess*, 317 F.3d at 1107 ("A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.").

## IV. ANALYSIS

Due to its extraordinary caseload, this Court will not dissect and discuss exhaustively every issue raised in the five motions to dismiss and attendant responses, which ultimately encompass ten causes of

---

[4] *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds*, was partially abrogated by the Private Securities Litigation Reforms Act of 1995, which requires that both falsity and scienter be pleaded with particularity in private securities fraud litigation. *See Ronconi v. Larkin*, 253 F.3d 423, 428-29 (9th Cir. 2001). Pre-Act cases, including *GlenFed*, required only that falsity be pled with particularity.

[5] "Neutral facts" include the "time, place, and content of an alleged misrepresentation." *Yourish v. California Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999) (internal quotations and citation omitted).

4

action brought by twenty-one Plaintiffs against eight Defendants. With few exceptions, the Court's analysis and explanations are limited to those issues and facts necessary for decision.

Generally, Defendants move for dismissal for failing to plead the elements of the claims with the necessary particularity required by Rule 9(b) (and other applicable law). Defendants also argue for dismissal on other grounds, including statutory bars and conflicts of law questions, which pertain to certain claims only.

**A.**     **First Cause of Action: Fraud—Intentional Misrepresentation**

For a claim of intentional misrepresentation under California law, a plaintiff must plead and prove: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Yastrab v. Apple Inc.*, 173 F. Supp. 3d 972, 977-78 (N.D. Cal. 2016). Plaintiffs aver that all Defendants, except nominal defendant Mesa Senior Living, intentionally misrepresented material facts concerning the private investment. ECF No. 1, Ex. C at ¶¶ 95-107. Defendants, however, move for dismissal, contending that the intentional misrepresentation claim fails for lack of particularity or specificity under the heightened pleading standard of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). ECF Nos. 11 at 11-13, 21-1 at 10-17, 23 at 4-6, 24-1 at 8-10.

Fundamentally, Plaintiffs and Defendants disagree whether Plaintiffs' complaint satisfies the "who, what, when, where, and how" required by Rule 9(b). Plaintiffs quote more than once *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007), for the proposition that:

> there is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify *false statements* made by each and every defendant. Participation by each conspirator in every detail in the execution of the conspiracy is unnecessary to establish liability, for each conspirator may be performing different tasks to bring about the desired result.

*Swartz*, 476 F.3d at 764 (emphasis original) (internal quotations and citation omitted).

Defendants, on the other hand, point to the very next sentence of *Swartz*, in which the Ninth Circuit stated that:

5

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.

*Swartz*, 476 F.3d at 764-65 (alterations original) (internal quotations and citations omitted).

The detailed explanation of intervening events and their relation to Rule 9(b) falsity pleading in *GlenFed* is uniquely instructive to this case. *GlenFed*, 42 F.3d at 1548-49. The Court will belabor its examination of the law applicable to or helpful in examining Plaintiffs' complaint because several of Plaintiffs' causes of action contain the same deficiencies under Rule 9(b). The parties may disagree with the utility of the Court's extended review; however, suffer they must.

In *GlenFed*, the Ninth Circuit first outlined "two extremes" in the context of pleading falsity under Rule 9(b): "cases … in which falseness is clear from the facts that had existed all along and were later revealed, and cases in which, because of an intervening event, contemporaneous falseness cannot be explained merely by pointing to later inconsistent statements or conditions." *GlenFed*, 42 F.3d at 1549. The Ninth Circuit then acknowledged a "third category"—"situations in which what separates the allegedly fraudulent statement and the later, apparently inconsistent statement is an event internal to the company." *Id*. Claims falling into this category generally would require a plaintiff "to elaborate circumstances contemporary to the alleged false statement to explain how and why the statement was misleading when made." *Id*.

The Ninth Circuit elaborated examples of the different categories. For the first extreme, in which falseness is clear from the facts that had existed all along and were later revealed, the Ninth Circuit explained:

> [A] plaintiff might allege that he bought a house from defendant, that defendant assured him that it was in perfect shape, and that in fact the house turned out to be built on landfill, or in a highly irradiated area; plaintiff could simply set forth these facts (presumably along with time and place), allege scienter … and be in compliance with Rule 9(b). We

agree that such a pleading would satisfy the rule. Since "in perfect shape" and "built on landfill" are at least arguably inconsistent, plaintiff would have set forth … what defendant said was false. **Notably, the statement would have been just as false when defendant uttered it as when plaintiff discovered the truth. The house was *always* defective because it was *always* built on landfill.**

*GlenFed*, 42 F.3d at 1548 (emphasis added).

The Ninth Circuit explicitly contrasted that type of falsity pleading to what may be required in more complex cases such as securities fraud, which the Court placed at the other extreme ("in which, because of an intervening event, contemporaneous falseness cannot be explained merely by pointing to later inconsistent statements or conditions"):

> What makes many securities fraud cases more complicated is that often there is no reason to assume that what is true at the moment plaintiff discovers it was also true at the moment of the alleged misrepresentation, and that therefore simply because the alleged misrepresentation conflicts with the current state of facts, the charged statement must have been false. Securities fraud cases often involve some more or less catastrophic event occurring between the time the complained-of statement was made and the time a more sobering truth is revealed …. When such an [intervening] event has occurred, it is clearly insufficient for plaintiffs to say that the later, sobering revelations make the earlier, cheerier statement a falsehood. **In the face of such intervening events, a plaintiff must set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading *when made*.** This can be done most directly by pointing to inconsistent contemporaneous statements or information (such as internal reports) which were made by or available to the defendants.

*GlenFed*, 42 F.3d at 1548-49 (italics in original) (other emphasis added).

Finally, for the third category ("situations in which what separates the allegedly fraudulent statement and the later, apparently inconsistent statement is an event internal to the company"), the Ninth Circuit specifically listed the "revaluation of assets, or the recalculation of loan loss reserves," as examples of events internal to a company. The Ninth Circuit explained that:

> In such a situation, explanation as to why the statements were false when made might be provided simply by pointing to the later statements—**but without additional explanation the mere existence of the later statements might not be enough.** The internal event might have been a response to an external event: for example, assets may have been revalued

> in light of market fluctuation. If so, plaintiff would generally be required
> to elaborate circumstances contemporary to the alleged false statement to
> explain how and why the statement was misleading when made.

*GlenFed*, 42 F.3d at 1549 (emphasis added).

Many of Plaintiffs' allegations, stemming from a private investment opportunity, would seem to fall, for the most part, into the third falsity pleading category identified above—"in which what separates the allegedly fraudulent statement and the later, apparently inconsistent statement is an event internal to the company"—though, of course, Plaintiffs are master of their own complaint and must frame the allegations consistent with their theory of the case.

The problem with Plaintiffs' first cause of action, as well as the complaint writ large, is exactly that Plaintiffs do not situate the alleged falsity of the identified statements and omissions in a further explanation as to why the statements or omissions were false or misleading relative to their timing. Plaintiffs frequently allege mere neutral facts, including the time, place, and content of the alleged misrepresentations, without appropriately contextualizing the statements to satisfy Rule 9(b). For example, as one of the "false and fraudulent misrepresentations and concealments made by Defendants," Plaintiffs point to the fact that they were told they "would receive 10-12% revenue distributions monthly." ECF No. 1 at Ex. C 30. They explain why the statement, in their estimation, was false or misleading: Plaintiffs "**did receive** 10-12% monthly distributions for a time, however, Defendants … **stopped making** the distribution payments." *Id*. at Ex. C 31 (emphasis added). Since Plaintiffs did receive some distributions, was the representation of receiving monthly distributions false when first made, or only once payments stopped? As outlined above in the Court's lengthy recitation of *GlenFed*, without more, Plaintiffs fail to adequately plead their theory of where, when, and how the falsity concerning the representation of monthly distributions arose.

Further, Plaintiffs in their first cause of action and throughout their complaint "lump multiple defendants together" without identifying the role of each in the alleged fraudulent scheme. *Swartz*, 476 F.3d at 764-65. For example, Plaintiffs name Roderick Family, LLC, as a Defendant and identify it as a

founding member and co-investor in the private investment. ECF No. 1 at Ex. C 6, 25. While Plaintiffs identify Defendant Gregory Roderick as manager of Roderick Family, they fail to explain the role of Roderick Family in the alleged fraudulent scheme. *Id*. Plaintiffs also identify Defendant Gregory Roderick as a manager of both Mesa Senior Living (the investment vehicle in question) and Frontier Management, the company contracted to manage the actual brick-and-mortar assisted care facility on behalf of Mesa Senior Living. Yet, in their complaint, Plaintiffs only mention Roderick Family by name when they identify the parties and in causes of action five and ten (and by incorporation, cause of action six). Nowhere is Roderick Family mentioned in the complaint's Factual Background or first cause of action such that Roderick Family's role in the alleged fraudulent scheme is clear in relation to the first cause of action.

In light of its limited resources, the Court declines to detail here each of the first cause of action's eleven or more claims against each of the eight named Defendants and the five motions to dismiss. Further, such exhaustive review is unnecessary. The Court finds that Plaintiffs' first cause of action fails to satisfy the pleading standard under Rule 9(b). Accordingly, it is dismissed with leave to amend.

**B.** **Causes of Action: Two—Negligent Misrepresentation; Three—Misrepresentation/Fraud in Securities Transactions Cal. Corp. §§ 25401 & 25501; Four—Violation of Oregon Revised Statutes §§ 59.115 & 59.135; and Seven—Securities Fraud 17 C.F.R. 240.10b-5**

**1.** **Second Cause of Action: Negligent Misrepresentation**

Plaintiffs' second cause of action, for negligent misrepresentation, names all Defendants except nominal Defendant Mesa Senior Living. This cause of action also is grounded in fraud and is nearly identical to Plaintiffs' first, with the sole difference being that knowledge of falsity is not required. *Cisco Sys. v. STMicroelectronics, Inc.*, 77 F. Supp. 3d 887, 897 (N.D. Cal. 2014). Instead, negligent misrepresentation "requires a misrepresentation of fact by a person who has no reasonable grounds for believing it to be true." *Id*. Under the same analysis as that employed in § V(A) above, this cause of action is dismissed with leave to amend.

### 2. Third Cause of Action: Misrepresentation/Fraud in Securities Transactions Cal. Corp. §§ 25401 & 25501

Plaintiffs' third cause of action, for misrepresentation or fraud under Cal. Corp. Code §§ 25401 and 25501, is alleged against all Defendants except nominal Defendant Mesa Senior Living. The cause of action is grounded in fraud and thus is subject to the Rule 9(b) pleading standard, despite its origin in California state law. *Vess v. Ciba-Giegy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Under the same analysis as that employed in § V(A) above, this cause of action is dismissed with leave to amend.

Certain Defendants move for dismissal on the alternative ground that Plaintiffs may only bring a civil action under Cal. Corp. Code § 25501 against the actual seller of a security. ECF No. 21-1 at 22-23. Because the Court has already dismissed the third cause of action, the Court declines to analyze the issue and simply notes that "on its face," Cal. Corp. Code § 25501 "requires privity between the plaintiff and the defendant" in a civil suit. *Coleman v. Theranos, Inc.*, No. 16-cv-06822-NC, 2017 WL 1383717, at *4 (N.D. Cal. April 18, 2017) (internal citation and quotations omitted).

### 3. Fourth Cause of Action: Violation of Oregon Revised Statutes §§ 59.115 & 59.135

Plaintiffs' fourth cause of action, for untrue statement of a material fact or omission to state a material fact under Or. Rev. Stat. §§ 59.115 and 59.135, is alleged against all Defendants except nominal Defendant Mesa Senior Living. The cause of action is grounded in fraud and thus is subject to the Rule 9(b) pleading standard, despite its origin in Oregon state law. *Vess v. Ciba-Giegy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). Under the same analysis as that employed in § V(A) above, this cause of action is dismissed with leave to amend.

In the alternative, certain Defendants move for dismissal of the fourth cause of action arguing that the claim "must fail because Plaintiffs admit that this was a California transaction, and the statute applies only to Oregon transactions." ECF No. 21-1 at 23 (internal citation omitted). Because the Court has already dismissed the third cause of action and the issue is not fully briefed, the Court declines to address the argument.

### 4. Seventh Cause of Action: Securities Fraud 17 C.F.R. 240.10b-5

Plaintiffs' seventh cause of action, for securities fraud under 17 C.F.R. 240.10b-5, is alleged against all Defendants except nominal Defendant Mesa Senior Living. The elements to prove a primary violation of Rule 10b–5 are: "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss. At the pleading stage, a complaint stating claims under section 10(b) and Rule 10b–5 must satisfy the dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the PSLRA." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (internal citation and quotations omitted). Under the same analysis as that employed in § V(A) above, the seventh cause of action is dismissed with leave to amend.

Additionally, this cause of action is subject to the more stringent pleading standard under the Private Securities Litigation Reforms Act of 1995 ("PSLRA") and thus must plead scienter with particularity. *Zucco Partners*, 553 F.3d at 990-91. Certain Defendants argue that Plaintiffs fail to do so but those Defendants do not fully brief the issue. ECF No. 25-1 at 13. Because the Court has dismissed the cause of action on other grounds, it declines to decide the issue but notes that Plaintiffs must "state with particularity facts giving rise to a **strong inference** that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2) (emphasis added).

### C. Causes of Action Five and Six: RICO Claims

Plaintiffs' fifth and sixth causes of action allege, respectively, civil claims under 18 U.S.C. §§ 1962(c) and 1962(d) of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and are alleged against all Defendants except Defendant Mesa Senior Living. The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.' " *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996).

As with the causes of action already examined, Rule 9(b)'s pleading requirements apply to these

claims, as well. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004). "To avoid dismissal for inadequacy under Rule 9(b)," Plaintiffs' complaint "would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the false representation." *Id.* at 1066 (internal quotations and citation omitted). Additionally, Plaintiffs' complaint must "set forth an explanation as to why the statement or omission complained of was false and misleading." *GlenFed*, 42 F.3d at 1548; *see also Mostowfi v. i2 Telecom. Intern. Inc.*, 269 F. App'x 621, 624 (9th Cir. 2008) (applying the *GlenFed* standard to civil RICO cause of action sounding in fraud).

At the risk of sounding redundant, Plaintiffs' RICO causes of action have the same pleading deficiencies under Rule 9(b) described in § V(A) above. While Plaintiffs allege generally several of the eleven specific claims contained in the first cause of action, ECF No. 1 at Ex. C 49, they focus on two of the eleven in particular when arguing that "mail services, telephone, fax, electronic mail, and other means" were used to "transmit to Plaintiffs false and misleading information." *Id.* at Ex. C 51. Plaintiffs do not allege falsity with specificity that satisfies Rule 9(b), and they lump Defendants' behavior. For failure to meet Rule 9(b)'s pleading standard, the fifth and sixth causes of action are dismissed.

Defendants move for dismissal of the RICO claims on the additional ground that securities fraud claims repackaged as RICO allegations are barred by statute. ECF No. 11 at 15-16, 21-1 at 23-24, 25-1 at 12-13. The PSLRA amended RICO claims through 18 U.S.C. § 1964(c), which specifies that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962." 18 U.S.C. § 1964(c). And while Plaintiffs argue that the conduct alleged in their RICO claims "go[es] beyond statutorily disallowed securities fraud," in that they "allege a scheme to defraud Plaintiffs through mail and wire fraud and money laundering outside the fraudulent sale and purchase of the securities," each claim of fraudulent behavior involves actions raised in each of the other claims already examined. Plaintiffs' RICO causes of action have added only the instrumentalities of communicating the alleged fraud and asserted a scheme among Defendants already accused of acting in concert or aiding and abetting one another. As such, the fifth and sixth

12

causes of action do *not* assert conduct that would *not* have been actionable as fraud, as required by 18 U.S.C. § 1964(c).

The Court has dismissed Plaintiffs fifth and sixth claims on other grounds already. While it is difficult to conceive what allegations might be brought that are not barred by 18 U.S.C. § 1964(c), given the facts presented thus far, the Court cannot say at this stage that it is impossible for Plaintiffs to plead successfully a RICO claim. Such claim might allege facts known only to Plaintiffs and Defendants currently. For that reason, Plaintiffs are given leave to amend with the admonition to adhere closely to the Court's order if Plaintiffs choose to reallege a RICO claim or claims.

**D.     Cause of Action Eight: Derivative Suit—Oregon Revised Statutes § 63.801 and Cal. Corp. Code § 17709.01**

Plaintiffs' eighth cause of action is a derivative claim brought under Oregon and California state laws. The cause of action is brought only against Defendants Glover, Roderick, Frontier Management, and Mesa Senior Living. The statutes in question, Or. Rev. Stat. § 63.801 and Cal. Corp. Code § 17709.01, are addressed separately because of significant differences in their application.

Federal Rule of Civil Procedure 23.1 "applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce." Fed. R. Civ. P. 23.1(a). "To determine whether a complaint meets the pleading standard of Rule 23.1, the court must look to the law of the state of the company's incorporation." *Quantum Tech. Partners II, L.P. v. Altman Browning & Co.*, No. 08-CV-376-BR, 2009 WL 1795574, at *2 (D. Or. June 23, 2009), *as amended* (June 24, 2009), *aff'd*, 436 F. App'x 792 (9th Cir. 2011). Under Oregon law, any member asserting a derivative claim "**must allege with particularity** the demand made, if any, to obtain action by the managers or the members who would otherwise have the authority to cause the limited liability company to sue in its own right, and either that the demand was refused or ignored or the reason why a demand was not made." Or. Rev. Stat. § 63.801(2) (emphasis added). Oregon Revised Statute § 63.801 " impos[es]

13

pleading requirements similar to Fed. R. Civ. P. 23.1 on members seeking to initiate derivative proceedings on an LLC's behalf." *Green v. Blake*, 406 F. Supp. 3d 984, 993 (D. Kan. Aug. 12, 2019).

Here, Plaintiffs' complaint states that "following discovery of the breaches alleged herein," Plaintiffs, "by letter delivered to Defendants," "requested appropriate action to redress and rectify the wrongs and injuries." ECF No. 1 at Ex. C 58. They further state "Defendants made no meaningful effort to redress and rectify the wrongs and injuries." *Id*. Plaintiffs contend that next they delivered a copy of a draft complaint "with a request that the Defendants communicate with Plaintiffs with respect thereto. Following the delivery of the proposed Complaint to the Defendants, Plaintiffs were unable to obtain from the Defendants the requested action to redress and rectify the wrongs and injuries." *Id*.

While Defendants clearly allege that they extended some efforts to demand some action by the managers, they must allege those efforts with particularity. Instead, they have provided few, if any, particulars. Against the applicable standard, Plaintiffs have not demonstrated that their letter or their draft complaint, and Defendants' alleged failures to act, constitute the necessary predicates of demand and refusal as contemplated in a derivative suit.

The California statute put forth in Plaintiffs' eighth claim allows a member of a limited liability corporation to bring an action on behalf of all or a class of members while exempting the action from the ordinary requirement that a class be so numerous that joinder of all members of the class is impracticable. Cal. Corp. Code § 17709.1. Certain Defendants named in this cause of action present two very different arguments for dismissal. The first argument is that California law does not apply to fiduciary duty claims arising out of an Oregon-based entity, citing *Saratoga Advantage Tr. Tech. & Comms. Portfolio v. Marvell Tech. Grp., Ltd.*, No. 15-cv-04881-RMW, 2016 WL 4364593 (N.D. Cal. Aug. 16, 2016). ECF No. 21-1 at 24 n.7. The second argument is, in essence, that Plaintiffs' claim fails because Plaintiffs are only named in their individual capacities, rather than representative. ECF Nos. 11 at 18, 25-1 at 13.

Defendants' first argument, regarding the non-applicability of California state law to a derivative

cause of action based on fiduciary duty claims arising out of an Oregon limited liability corporation, has merit. Neither Plaintiffs nor Defendants have cited to a choice of law provision governing this matter. Thus, the Court looks to conflicts of law principles. The Ninth Circuit has held that "the rights of shareholders in a foreign company, including the right to sue derivatively, are determined by the law of the place where the company is incorporated." *Batchelder v. Kawamoto*, 147 F.3d 915, 920 (9th Cir. 1998). This "internal affairs" doctrine has been codified by California. Cal. Corp. Code. § 2116; *see also Saratoga*, No. 15-cv-04881-RMW, 2016 WL 4364593, at *2. For that reason, in the absence of evidence that a choice of law provision governs, Plaintiffs' derivative action grounded in California law is dismissed.

### E. Cause of Action Nine: Joint and Several Liability Management Personal [sic]/Aiders and Abettors—Oregon Revised Statutes § 59.115 and Cal. Corp. Code § 25403

Plaintiffs' ninth cause of action, a claim for joint and several liability brought under Or. Rev. Stat. § 59.115 and Cal. Corp. Code § 25403, is asserted against all Defendants except nominal Defendant Mesa Senior Living. Defendants argue different grounds for dismissal, including pleading defects related to factual predicates and particularity, as well as statutory bars. ECF Nos. 11 at 18, 21-1 at 25, 24-1 at 14-15, 25-1 at 14. The Court addresses two of the grounds.

First, Cal. Corp. Code § 25403 does not confer a private right of action. *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 255 (2007); *see also Shaev v. Baker*, No. 16-cv-05541-JST, 2017 WL 1735573 at *20 (N.D. Cal. May 4, 2017). And while the California Supreme Court has not resolved the issue conclusively, " '[a] state appellate court's announcement of a rule of law is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.' " *Shaev*, No. 16-cv-05541-JST, 2017 WL 1735573 at *20 (quoting *Miller v. Cty. of Santa Cruz*, 39 F.3d 1030, 1036 n.5 (9th Cir. 1994), *as amended* (Dec. 27, 1994)). Plaintiffs have not convinced the Court with other persuasive data. Accordingly, Plaintiffs ninth cause of action as it relates to Cal. Corp. Code

§ 25403 is dismissed WITH PREJUDICE.

Second, with respect to the claim under Or. Rev. Stat. § 59.115, the Court has previously found pleading deficiencies related to the cause of action supporting any joint and several liability. *See* § V(B)(3). That cause of action, Plaintiffs' fourth discussed in § V(B) above, has been dismissed with leave to amend. With that cause of action dismissed, a claim for joint and several liability related to allegations in that cause of action cannot be sustained. Accordingly, Plaintiffs' ninth cause of action as it relates to Or. Rev. Stat. § 59.115 is dismissed.

### F. <u>Cause of Action Ten: Breach of Fiduciary Duty</u>

Plaintiffs' tenth cause of action alleges a breach of fiduciary duty against all Defendants except nominal Defendant Mesa Senior Living. This cause of action alleges that Defendants Glover and Roderick, in their capacities as managing members of Defendant Mesa Senior Living, owed fiduciary duties of "care, loyalty, and good faith to Plaintiffs." ECF No. 1, Ex. C at ¶ 171. Other than asserting that Defendants Glover and Roderick acted in concert with or were assisted by all other named Defendants, Plaintiffs assert no theory to support a breach of fiduciary duty allegedly owed by those other Defendants.

Certain Defendants move for dismissal, contending that under the internal affairs doctrine discussed in § V(D) above, Oregon law applies to claims for breach of fiduciary duty. ECF No. 21-1 at 26. Under that law, Defendants must plead a "special injury" in order to assert a direct claim, rather than a derivative claim, against the managers. *Loewen v. Galligan*, 882 P.2d 104, 111 (Or. Ct. App. 1994). "A special injury is established where there is a wrong suffered by the shareholder not suffered by all shareholders generally or where the wrong involves a contractual right of the shareholders, such as the right to vote." *Id.* At least one exception to this rule exists, applicable to closely held corporations. *Id.*

Here, Plaintiffs have not adequately addressed in their reply whether the issue of special injury or any exception applies to their tenth cause of action. Plaintiffs also do not substantively respond to Defendants' contention that Oregon law applies, rather than California. For these reasons, Plaintiffs'

tenth cause of action is dismissed.

In California, "to plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any one of these elements is fatal to the cause of action." *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991). Certain Defendants argue for dismissal on the ground that Plaintiffs have not adequately alleged those Defendants owed a fiduciary duty. ECF No. 11 at 19. Because the Court has dismissed the cause of action on other grounds, it declines to decide the issue but notes that defendants may "be liable for aiding and abetting a breach of fiduciary duty even though they did not owe a fiduciary duty" to the plaintiff. *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1477-78 (2014).

For the forgoing reasons, Plaintiffs' tenth cause of action is dismissed.

## V. **CONCLUSION AND ORDER**

For the foregoing reasons, Defendants' motions to dismiss, ECF Nos. 11, 21, 23, 24, and 25, are **GRANTED IN PART** and **DENIED IN PART** as indicated in this opinion. Should Plaintiffs choose to amend, it must be in strict compliance with this order, since the Court does not have the resources to evaluate further pleadings for improperly pled facts.

Plaintiffs have **30 days** to amend.

IT IS SO ORDERED.

Dated: **January 31, 2020**        /s/ Lawrence J. O'Neill
                             UNITED STATES DISTRICT JUDGE